UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE ENVIRONMENTAL
CORPORATION,

       Plaintiff,

v.

       Civil Case No. 20-10927
       Honorable Linda V. Parker

TAV HOLDINGS, INC.,

       Defendant.
_____/

**OPINION AND ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

    This is a breach of contract action brought by Plaintiff Monroe Environmental Corporation ("Monroe") against Defendant TAV Holdings, Inc. ("TAV"). The matter is presently before the Court on Monroe's Motion for Default Judgment.

**Procedural Background**

    Monroe filed its Complaint against TAV on April 13, 2020. (ECF No. 1.) According to Proof of Service forms and documentation submitted by Monroe, it sent TAV's Chief Financial Officer a copy of the Complaint via certified mail, return receipt requested on April 20, 2020. (ECF Nos. 4, 5.) Monroe thereafter requested a Clerk's Entry of Default, which was entered on May 14, 2020.

Monroe filed the pending Motion for Default Judgment on May 27, 2020. (ECF No. 9.)

## Analysis

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)). "Therefore, if service of process was not proper, the court must set aside an entry of default." *Id.*; *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, a corporate defendant may be served in the United States "in the manner prescribed by Rule 4(e)(1)" (i.e., in accordance with state law) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ...." Fed. R. Civ. P. 4(h)(1). Under Michigan law, service on an active corporation may be accomplished by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business

>establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation[.]

MCR 2.105(D). Monroe has not properly served TAV pursuant to these rules.

As an initial matter, it is not evident from the documents Monroe has filed that a summons was delivered to TAV. The Proof of Service form signed by Anthony T. Pieti states that only a copy of the Complaint was sent to Mary Sargent, TAV's Chief Financial Officer, via certified mail, return receipt requested. But even if a summons was included in the mailing, this method of service does not comport with the above rules.

Neither rule allows for service via registered mail, only. Instead, they require personal service. *See Christian v. Fed. Home Loan Mortg. Corp.*, No. 13-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) ("Notably, courts have interpreted 'deliver[y]' under [Rule 4 of the Federal Rules of Civil Procedure] as requiring personal service on the appropriate agent.") (citing *Etherly v. Rehabitat Sys.*, No. 1311360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)); *see also Gilliam v. Cty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). If the person served is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

3

service of process, but is a director, trustee, or person in charge of a corporate office or business, service via registered mail is an *additional* requirement to personal service under Michigan Court Rule 2.105(D).

As Monroe has not properly served TAV with a summons and a copy of the Complaint, the Clerk's Entry of Default must be set aside and Monroe's Motion for Default Judgment must be denied without prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 11, 2020